IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LAKESHIA EDMOND,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00388-O-BP |
| | § | |
| **DECO 969,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are *pro se* Plaintiff Lakeshia Edmond's Complaint, filed May 2, 2024, and various amended complaints and filings since then. ECF Nos. 1-5 and 7-13. Her case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 5. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DENY** Ms. Edmond leave to file this suit, as her largely incoherent pleadings do not state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that Judge O'Connor impose a monetary sanction against Ms. Edmond in the amount of $250.

**I.   BACKGROUND**

Plaintiff Lakeisha Edmond ("Ms. Edmond") describes herself as "homeless and mentally disabled," and at one point in her pleadings, she references "schizophrenia." ECF No. 2 at 1, ECF No. 8 at 10. From the pleadings, it appears that Ms. Edmond has a limited grasp on reality. For example, she incorrectly refers to this Court as "the International Russian Government Consulate of in-law Vladimir Putin." ECF No. 1 at 1. Her pleadings likewise are generally scattered and difficult to follow.  For example, she writes:

> Plaintiff LaKeshia Edmond states that he regarding the civil rights violation of harassment of Alisha Davis King, Gladys Nelson Dickinson, Shauna Dickinson, and celebrities that Arkansas Secretary State has had people executed for being in the State of Arkansas illegally is now that requested that Alisha Davis King and her hair salon is now that of LaKeshia Edmond and please go get Eugene McKissie and then you may not use no one else and explain to your attorney I bought for $1.00, why you are continuing to violate civil rights of the Arkansas Secretary of State, Plaintiff LaKeshia Edmond, Agent Derrick Edmond why is the matter of the alleged deceased, Kobe Bryant, harassing Milton Sims . . . and that the state of Arkansas is to pay Milton Sims, three million dollars and the State of California to pay Milton Sims five million dollars as well as the matter of Daniel L. Sims one million from the State of Arkansas, Virginia Lee Sims, from the state of Arkansas one million dollars and five million dollars from the State of California.

ECF No. 9 at 2.

To the extent that the Court can comprehend her filings, she makes several general categories of allegations. The first involves money owed. Ms. Edmond appears to allege that she is owed one dollar because defendant Smile Nau did not comply in a separate lawsuit. ECF No. 1 at 2. She also claims that because she, herself, has paid one dollar, she "seeks all possession, garnishment with the financial institution as well as the execution to make the matter final." *Id*. at 1. She refers to $1.00 transactions or $1.00 debts owed. *See, e.g.*, ECF No. 10 at 11. Additionally, she alleges that she is owed a gift card in the amount of $25,000 (ECF No. 2 at 1), and that she seeks five million dollars from JP Morgan Chase (ECF No. 2 at 13). At another point in her pleadings, she seeks monetary relief of $250,000,000. ECF No. 8 at 10. She also makes other similar monetary claims too numerous to detail here. *See, e.g.*, ECF No. 10 at 11 ("Defendant's, Sovereign are to place $1,000,000.00 million dollars in both checking and savings accounts for all Plaintiffs.").

A second category of allegations involves wrongdoing by law enforcement, as well as requests that certain people be prosecuted or imprisoned. For example, she raises concerns about

police reports filed by or with the City of Fort Worth, and she attaches a police report. ECF No. 1 at 1; ECF No. 2 at 1-2, 11. She alleges that Karen Bryant did not follow up with "the victim, Plaintiff [Ms. Edmond] regarding the matter of the City of Fort Worth, Texas." ECF No. 2 at 1. She also makes various allegations against "federal agent Derrick Edmond." *See, e.g.*, ECF No. 8 at 5. Additionally, she requests the imprisonment of various individuals, including musicians Lenny Kravitz and Keyshia Cole. *See, e.g.*, ECF No. 10 at 14.

A third category of allegations appears to involve housing or property. Ms. Edmond references a suit against Presbyterian Night Shelter "regarding the $1,000,000.00 that it is to share with all residents." ECF No. 9 at 1. She also attaches a Residential Purchase Agreement. ECF No. 9 at 4-5. She states that she is "entitled to Bailey's BBQ and Haltom's Jewelry of Sundance Square Downtown Fort Worth Texas." ECF No. 10 at 11. Additionally, she mentions being entitled to property, including "the property located at Deco 969." *See, e.g.*, ECF No. 10 at 12. She also refers to social security and to civil rights. *See, e.g.,* ECF No. 9 at 2, 10 at 26. But the rest of her allegations are diffuse and difficult to comprehend or summarize.

Ms. Edmond correctly recognized that the Court required her to seek leave before filing suit. ECF No. 1 at 1, ECF No. 2 at 4. However, at no point in her filings does she articulate a viable cause of action or present facts by which the Court could liberally construe one.  Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Ms. Edmond leave to file this suit and **DIRECT** the Clerk to **ADMINISTRATIVELY CLOSE** it. The undersigned also **RECOMMENDS** that Judge O'Connor sanction Ms. Edmond in the amount of $250, as he has previously warned her that further abusive and harassing litigation may subject her to monetary sanctions.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B.  Pro Se Plaintiffs

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers....'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing

*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

### III.   ANALYSIS

#### A.   Edmond does not state a claim for which relief can be granted.

As noted above, Ms. Edmond's filings contain sweeping and fanciful allegations, but they do not articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because she appears *pro se*, Ms. Edmond's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). But no amount of liberal construction could manufacture a viable legal claim from Ms. Edmond's pleadings, which are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotations omitted).

Accordingly, Judge O'Connor should deny Ms. Edmond's request for leave to file her complaint. *Cf. Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (holding courts may dismiss actions for failure to state a claim *sua sponte,* so long as the procedure is fair).

Additionally, Judge O'Connor should impose a monetary sanction against Ms. Edmond in the amount of $250, as he has previously warned her "that monetary sanctions may be imposed on her for future filing of vexatious litigation considered to be abusive and harassing in nature." *Putin v. Edmond*, No. 4:24-cv-00200-O-BP (N.D. Tex. March 5, 2024).

### IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Ms. Edmond's request for leave to file the pending complaint, direct the Clerk of Court to administratively close the case, and sanction Ms. Edmond in the amount of $250.

5

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 30, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE